IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathy Reaves, | ) | CASE NO.: 4:25-cv-13662-JD-TER |
| a/k/a Kathy Juanita Reaves, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM ORDER AND |
| | ) | OPINION |
| Thomas Scott Wilkerson, Jerome Scott | ) | |
| Kozacki, South Carolina Law | ) | |
| Enforcement Division, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 9.) The Report recommends that Plaintiff Kathy Reaves be denied leave to file this action, that this action be dismissed with prejudice, and that Plaintiff's motion for leave to proceed in forma pauperis be rendered moot because Plaintiff failed to comply with this Court's prefiling injunction. (Id.) Also before the Court are Plaintiff's post-Report filings, including motions for leave to file out of time, de novo review, reassignment, leave to amend, and vacatur of the Report, Plaintiff's

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

notice of non-consent, and Plaintiff's objections. (DE 13; DE 14; DE 15; DE 16; DE 17; DE 18; DE 19; DE 20; DE 21.)

## I.    BACKGROUND

Plaintiff Kathy Reaves, proceeding pro se, filed this civil action against Thomas Scott Wilkerson, Jerome Scott Kozacki, and the South Carolina Law Enforcement Division. (DE 1.) Plaintiff also moved for leave to proceed in forma pauperis. (DE 2.)

On January 25, 2024, this Court entered a prefiling injunction against Plaintiff in Reaves v. Washington et al, No. 4:23-cv-03847-JD. The injunction requires Plaintiff to pay the filing fee in full or obtain counsel before filing new actions related to "any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment." The injunction also requires Plaintiff to accompany any newly filed complaint within that subject matter with a motion for leave to file, a copy of the injunction order, a statement that the claims or relief sought are unrelated to the prohibited subject matter, a short and plain statement setting forth a valid basis for the claims or relief sought, and a statement identifying whether the claims or relief have been raised before and, if so, where and how they were resolved.

On December 4, 2025, the Magistrate Judge ordered Plaintiff to comply with the prefiling injunction. (DE 6.) The order was mailed to Plaintiff at her address of record. (DE 7.) Plaintiff did not comply.

## II.    REPORT AND RECOMMENDATION

On January 13, 2026, the Magistrate Judge issued the Report recommending that Plaintiff be denied leave to file this action, that this action be dismissed with prejudice, and that Plaintiff's motion for leave to proceed in forma pauperis be rendered moot. (DE 9.) The Report found that Plaintiff failed to provide the information required by the prefiling injunction and that the Complaint itself falls within the injunction because it is related to the Georgia warrant, the 2021 South Carolina arrest in Marlboro County, and the effects of those events. (Id.)

The Report advised Plaintiff of the deadline to file specific written objections and warned that failure to timely file specific objections could waive appellate review. (Id.) The Report was mailed to Plaintiff at her address of record on January 13, 2026. (DE 10.) No timely objections were filed, and the case was marked ready for ruling on February 10, 2026. (DE 11; DE 12.) Plaintiff thereafter filed motions for leave to file out of time, de novo review, reassignment, leave to amend, and vacatur of the Report, along with a notice of non-consent, objections, and supporting materials. (DE 13; DE 14; DE 15; DE 16; DE 17; DE 18; DE 19; DE 20; DE 21.)

## III.    LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a

3

waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    DISCUSSION

Because Plaintiff proceeds pro se, her filings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to disregard a valid prefiling injunction, excuse noncompliance with Court orders, or rewrite Plaintiff's filings to avoid applicable filing restrictions. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990). After reviewing the Report, Plaintiff's objections and motions, the proposed amended complaint, and the record, the Court adopts the Report.

As an initial matter, Plaintiff did not timely object to the Report. The Report was entered on January 13, 2026, and objections were due by January 27, 2026, plus any additional time allowed by the applicable rules. (DE 9.) The docket reflects no timely objections, and the case was marked ready for ruling on February 10, 2026. (DE 11; DE 12.) Plaintiff did not file her post-Report motions, objections, and related materials until March 13 and March 16, 2026. (DE 13; DE 14; DE 16; DE 17; DE 18;

DE 19; DE 20; DE 21.) Plaintiff has not shown good cause or excusable neglect for the untimely filings. Nevertheless, even considering Plaintiff's late filings, they do not provide a basis to reject the Report.

The dispositive issue is Plaintiff's failure to comply with the prefiling injunction. The injunction applies to new actions related to the Georgia warrant, the 2021 South Carolina arrest in Marlboro County, and alleged effects on Plaintiff's credit report and employment. This case falls within that subject matter. Plaintiff's later filings confirm the connection. Plaintiff repeatedly argues that no valid Georgia warrant existed; that CE-0140412 was fabricated, unauthorized, or used post hoc; that Defendants or counsel misrepresented warrant-related records; that Plaintiff's November 2021 arrest was unlawful; that SLED/CJIS or related databases contained inaccurate criminal-background information; that Defendants violated the FCRA; and that these events harmed Plaintiff's employment, professional certification, reputation, and constitutional rights. (DE 13; DE 14; DE 18; DE 19; DE 20; DE 21.)

Those allegations do not avoid the prefiling injunction. They establish that this action is related to the very subject matter covered by the injunction. The injunction required Plaintiff, before filing a covered action, to pay the filing fee in full or obtain counsel and to submit a motion for leave to file with specified supporting materials. Plaintiff did not comply with those requirements. She also did not comply after the Magistrate Judge's December 4, 2025, order directed her to do so. (DE 6.) Because Plaintiff filed a covered action without satisfying the prefiling injunction's requirements, leave to file this action is denied.

5

Plaintiff's objections and motions do not identify any error in the Report's prefiling injunction analysis. Plaintiff argues that the Georgia warrant does not exist, that CE-0140412 is fraudulent, that prior proceedings involved fraud on the Court, that her arrest violated the Fourth Amendment, that Defendants violated the FCRA, and that the Court should conduct de novo review, vacate the Report, and permit amendment. (DE 13; DE 14; DE 18; DE 19; DE 20; DE 21.) These arguments do not undermine the Report. The Report did not recommend dismissal because it found that the Georgia warrant was valid, that CE-0140412 was authentic, or that Plaintiff's arrest was lawful. The Report recommended denial of leave to file because Plaintiff filed a covered action without complying with the prefiling injunction. Plaintiff's renewed warrant, FCRA, fraud, arrest, and employment-related allegations reinforce the Report's conclusion that the action falls within the injunction.

Plaintiff's request for leave to amend is also denied. (DE 20.) The proposed amendment seeks to add allegations concerning an interstate arrest without a valid warrant, fraud on the Court, post hoc use of CE-0140412, failure to mitigate damages, attempted cover-up, constitutional violations, statutory violations, and obstruction of Plaintiff's professional certification. (Id.) The amendment would not cure the defect identified in the Report. Rather, the proposed amendment confirms that Plaintiff seeks to litigate claims within the prefiling injunction's scope without complying with that injunction. The amendment would be futile.

Plaintiff's requests for de novo review and to vacate the Report are denied to the extent they seek rejection of the Report. (DE 14; DE 19; DE 21.) The Court has

6

conducted the required review. Plaintiff's filings do not show that the Report erred in concluding that this action is covered by the prefiling injunction and that Plaintiff failed to comply with that injunction.

Plaintiff's motions for leave to file out of time are also denied. (DE 13; DE 17.) Even considering Plaintiff's filings, they do not provide a basis to reject the Report. Plaintiff's explanation for the delay rests on the same warrant, CE-0140412, FCRA, fraud-on-the-Court, and arrest-related arguments that place this case within the prefiling injunction. Plaintiff has not shown good cause, excusable neglect, or any basis to excuse noncompliance with the injunction.

Plaintiff's request for reassignment or relief from the Magistrate Judge's involvement is denied. (DE 15; DE 16.) Plaintiff relies on non-consent, prior adverse rulings, prior involvement in related cases, and disagreement with the Magistrate Judge's orders and recommendations. Those grounds do not establish an extrajudicial source of bias or any circumstance requiring recusal, reassignment, or departure from ordinary referral procedures. The Magistrate Judge issued pretrial orders and a report and recommendation under 28 U.S.C. § 636(b)(1), and this Court conducts the final review and enters the final order. Consent under 28 U.S.C. § 636(c) is not required for a magistrate judge to issue pretrial recommendations in a referred pro se case.

Finally, Plaintiff's motion for leave to proceed in forma pauperis is denied as moot. (DE 2.) The prefiling injunction required Plaintiff either to pay the filing fee in full or obtain counsel before filing a covered action. Because Plaintiff did neither,

because Plaintiff failed to comply with the injunction after being ordered to do so, and because leave to file is denied, no pending motion provides a basis for this case to proceed.

Having conducted the required review, the Court finds no error in the Report's conclusion that this action falls within the prefiling injunction and that Plaintiff failed to comply with that injunction.

V.    CONCLUSION

After a thorough review of the Report, Plaintiff's objections and motions, the proposed amended complaint, the record in this case, and the applicable law, the Court finds that Plaintiff's objections and motions are without merit and that the Magistrate Judge correctly recommended denial of leave to file and dismissal with prejudice.

Accordingly, the Court ADOPTS the Report and Recommendation (DE 9) and incorporates it by reference. Plaintiff's motions for leave to file out of time (DE 13; DE 17), motions for de novo review (DE 14; DE 19), notice of non-consent (DE 15), motion for reassignment (DE 16), objections (DE 18), motion for leave to amend (DE 20), and motion to vacate the Report (DE 21) are DENIED. Plaintiff is DENIED LEAVE TO FILE this action, and this action is DISMISSED WITH PREJUDICE. Plaintiff's motion for leave to proceed in forma pauperis (DE 2) is DENIED AS MOOT.

IT IS SO ORDERED.

Florence, South Carolina
June 8, 2026

Joseph Dawson, III
United States District Judge

8

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.